**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                  No. 23-CR-1615 KWR

ALEX JULIAN,

        Defendant.

## FOURTH UNOPPOSED MOTION TO EXTEND PRETRIAL DEADLINES AND CONTINUE TRIAL

COMES NOW Defendant Alex Julian, by and through Assistant Federal Public Defender Angelica Hall, pursuant to the Fifth and Sixth Amendments to the United States Constitution, 18 U.S.C. § 3161(h)(7), Rule 47 of the Federal Rules of Criminal Procedure, to respectfully move this Court to issue an order continuing the October 7, 2024 trial setting and extending all pretrial deadlines, including the September 2, 2024 substantive pretrial motion deadline *nunc pro tunc*, for sixty (60) days and find that the time between the October 7, 2024 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

As grounds, Defendant Julian states:

1.      On November 1, 2023, Mr. Julian was charged by *Indictment* with one count of Assault with a Danger Weapon, 18 U.S.C. §§ 1153 & 113(a)(3), and one count of Assault Resulting in Serious Bodily Injury, 18 U.S.C. §§ 1153 & 113(a)(6). Doc. 1. The *Indictment* alleges an incident occurring on or about October 25, 2022, however, an *Arrest*

*Warrant* was not issued until November 1, 2023, and Mr. Julian was arrested on the federal warrant on or about November 6, 2023. Docs. 5 & 11.

2.      An Initial Appearance was held on November 7, 2023, and Mr. Julian was ordered temporarily detained pending a Detention Hearing. Doc. 6.

3.      On November 9, 2023, the Arraignment was held, and Mr. Julian entered a not guilty plea as to both counts of the *Indictment*. Doc. 14.  The Magistrate Court set the deadline for filing substantive pretrial motions for November 29, 2023, *Id*., and issued a standard Discovery Order. Doc. 16.   After argument of the parties, the Magistrate Court ordered Mr. Julian remanded to the custody where he remains. Doc. 15.

4.      On November 16, 2023, a *Trial Notice* was issued scheduling the trial for the January 8, 2024, trailing docket. Doc. 17.  The deadline for filing motions to continue was December 11, 2023. *Id*.

5.      On November 22, 2023, the United States disclosed an initial batch of discovery consisting of paper discovery, medical records, and video recordings.

6.      On November 29, 2024, Mr. Julian timely filed an *Unopposed Motion to Extend Pretrial Deadlines and Continue Trial* (Doc. 18) seeking additional time for completion of the discovery process, including disclosure of additional medical records, submission of defense supplemental discovery requests, and additional time to review the discovery with Mr. Julian at the detention center and to conduct an independent defense investigation.  The Court granted the Motion (Doc. 19) and rescheduled the trial for the May 6, 2024, trailing docket and extended the deadline for filing substantive pretrial motions to April 1, 2024, and motions to continue to April 8, 2024.

7.      On April 1, 2024, Mr. Julian filed a *Second Unopposed Motion to Extend Pretrial Deadlines and Continue Trial* (Doc. 20) seeking additional time to permit him to complete civilian witness interviews, those witnesses residing in Dulce, New Mexico.  The Motion was granted (Doc. 21) and the trial was rescheduled for the August 5, 2024, trailing docket and extended the deadline for filing substantive pretrial motions to July 1, 2024, and motions to continue to July 8, 2024.

8.      On July 8, 2024, Mr. Julian filed a *Third Unopposed Motion to Extend Pretrial Deadlines and Continue Trial* (Doc. 23) seeking additional time to permit him to find and interview additional potential witnesses residing in Dulce and Farmington.  The Motion was granted (Doc. 24) and the trial was rescheduled for the **October 7, 2024** trailing docket and the deadline for filing substantive pretrial motions was extended to **September 2, 2024**, and the deadline for filing motions to continue is today, **September 9, 2024**.

9.      On August 29, 2024, the parties learned that the alleged victim in this matter had passed away.  The cause of death is believed to be unrelated to this case; however, the parties need additional time to investigating the circumstances of the alleged victim's death and the impacts, if any, on the criminal proceedings in this case.

10.     Although the parties have been in discussion about a possible resolution of this matter which may obviate the need for trial, additional time is needed for defense counsel to complete the defense investigation to properly advise Mr. Julian about the strengths and weaknesses of his case and any benefits of engaging in plea discussions.

3

These tasks cannot be completed prior to the October 7, 2024, trial setting and could not be completed prior to the September 2, 2024, substantive pretrial motion deadline.

11.     Defense counsel anticipates that sixty (60) days is needed to complete the defense investigation, to permit the parties to complete the investigation into the death of the alleged victim, and to continue discussions about a possible resolution in this matter which may obviate further litigation in this matter.  If necessary, an additional sixty (60) days will be needed thereafter to litigate any substantive pretrial motions and to prepare for trial, including the service of subpoenas on witnesses in the Dulce and Farmington area.

12.     Because pretrial deadlines are predicated on discovery and defense counsel's investigation being substantially complete, Mr. Julian respectfully requests a sixty (60) day continuance of the October 7, 2024, trial setting and an extension of all accompanying pretrial deadlines, including the September 2, 2024, pretrial motion deadline.  Sixty days the minimum amount of time for the defense counsel to complete the defense investigation and to advise Mr. Julian about the strengths and weaknesses of his case, to exhaust any plea discussions, and, if necessary, to litigate substantive motions and prepare for trial.

13.     The failure to grant the continuance of the October 7, 2024, trial setting would deny Mr. Julian his Fifth and Sixth Amendment rights to present a defense and the testimony of defense witnesses and would deny Mr. Julian his Sixth Amendment right to effective assistance of counsel resulting in a miscarriage of justice. *United States v. Valenzuela-Bernal*, 458 U.S. 858, 875 (1982); *Washington v. Texas*, 388 U.S. 14, 18-19 (1967); *Strickland v. Washington*, 466 U.S. 668 (1984).  The failure to grant such a continuance would also deny defense counsel the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  Thus, good grounds exist for the continuance of the trial setting pursuant to *United States v. Toombs*, 574 F.3d 1268 (10th Cir. 2009).  As such, Mr. Julian requests that the Court find pursuant to 18 U.S.C. § 3161(h)(7)(A) that, by granting this motion, all the time from the October 7, 2024, trial setting to the new jury trial setting be excluded for purposes of the Speedy Trial Act.

Assistant United States Attorney Timothy Trembley does not oppose this motion.

**WHEREFORE** Defendant Julian respectfully requests the Court issue an order continuing the October 7, 2024, trial setting and extending all accompanying pretrial deadlines, including the September 2, 2024 substantive pretrial motion deadline *nunc pro tunc*, for sixty (60) days and find that the time between the October 7, 2024 trial setting and the new trial setting be excluded for purposes of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas NW, Suite 501
Albuquerque, NM 87102
(505) 346-2489
Fax:  (505) 346-2494
Email:  Angelica_Hall@fd.org

*/s/ Angelica Hall*
**ANGELICA HALL, AFPD**
Attorney for Defendant Julian